John A. Cochran, WSBA #038909
johnnycochran@comcast.net
The Cochran Law Firm
4400 NE 77th Avenue
Vancouver, WA 98662
Phone: 360.721.4222
**Of Attorneys for Plaintiff**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHONG L. CHO,               )   Case No.  3:12-cv-5842
            Plaintiff,      )
                            )
    v.                      )   **COMPLAINT FOR:**
                            )   **INVALID BENEFICIARY**
                            )   **INJUNCTIVE RELIEF**
BANK OF AMERICA, N.A.       )   **PROMISSORY ESTOPPEL &**
BAC HOME LOANS, a division of )  **DETRIMENTAL RELIANCE,**
BANK OF AMERICA N.A. a national ) **FRAUD;**
banking association; BAC HOME ) **CONTRACTUAL BREACH OF GOOD**
LOANS SERVICING, LP FKA     )   **FAITH FAIR DEALING;**
COUNTRYWIDE HOME LOANS      )   **BREACH OF FIDUCIARY DUTY;**
SERVICING LP; BANC OF AMERICA ) **UNCONSCIONABILITY; AND**
MORTGAGE SECURITIES, INC.   )   **IMPROPER ACCOUNTING**
                            )
                            )
            Defendant.      )

COMMON ALLEGATIONS

I.   PARTIES

1.

Plaintiff, Chong L. Cho is a resident of Pierce County, Washington respectively.

2.1

The original beneficiary in this case is Bank of American, N.A. as reflected on Section C of the Deed of Trust.  Defendant Bank of America N.A., as successor by merger to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing LP/Bank of America,

1 – COMPLAINT FOR INVALID BENEFICIARY,
PROMISSORY ESTOPPEL, FRAUD AND COVENANT
OF GOOD FAITH & FAIR DEALING; FIDUCIARY DUTY
& UNCONSCIONABILITY

N.A. (hereinafter "BOA") is a foreign business corporation headquartered at 100 North Tryon Street in city of Charlotte in the state of North Carolina. BOA is not an active entity of record with Washington's Secretary of State.

2.2

Banc of America Mortgage Securities, Inc. is a foreign businesss corporation headquartered at 201 North Tryon Street Floor 14 in City of Charlotte, State of North Carolina. The Registered Agent for Banc of America Mortgage Securities, Inc. is CT Corporation System at 225 Hillsborough Street, Raleigh NC 27603.

II.  JURISDICTION

3.

Diversity of Citizenship.

Diversity jurisdiction under 28 U.S.C. § 1332 exists because this action is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.  The named parties are of completely diverse citizenships as Chong L. Cho is and was a citizen of the state of Washington.  Defendants BOA and Bank of America Mortgage Securities, Inc. both have their main offices located in Charlotte, North Carolina.  Therefore both Defendants are citizens of North Carolina for purposes of diversity jurisdiction.

4.

Amount in Controversy.

The amount in controversy exceeds $75,000.00, exclusive of interest and costs.  This Complaint concerns a loan with a principal balance of $443,310.00 as of the date of the execution of the Deed of Trust dated November 09, 2005 and Bloomberg official report shows the current amount of this particular loan as $443,810 as of July 2012.  Plaintiffs seek to discover if Bank of America has any beneficial interest in the deed of trust, if Bank of America still has the original

1  promissory note, pursue contract claims and defeat Defendants exercise of any unlawful foreclosure

2  action and any other action in attempting to dispossess Plaintiffs from the Property.  Therefore, the

3  request for relief stated in this Complaint places the claim well over $75,000 in controversy,

4  exclusive of interests and costs.

5                                                          5.

6                                             Supplemental Jurisdiction.

7          This Court has supplemental jurisdiction over Plaintiffs' pendent state law claims pursuant

8  to 28 U.S.C. § 1367.   This Court has authority to grant declaratory relief pursuant to the

9  Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

10                                               III.  VENUE

11                                                         6.

12         Venue for all claims lies in the Western District of Washington at Seattle since

13  Plaintiffs' claims arose from acts of the Defendants perpetrated therein or perpetrated on a

14  Western Washington resident through the telephone or mail system.

15                                           IV.  INTRODUCTION

16                                                         7.

17         Plaintiff is the owner of certain real property commonly known as 6229 Montevista

18 
19  Drive SE, in the City of Auburn, County of Pierce and State of Washington and specifically

20  described as:    Lot 48, VERONA, DIV. 2, ACCORDING TO THE PLAT THEREOF

21  RECORDED FEBRUARY 17, 2005 UNDER RECORDING NUMBER 200502175007,

22  RECORDS OF PIERCE COUNTY, AUDITOR, SITUATE IN THE CITY OF AUBURN,

23  COUNTY OF PIERCE, STATE OF WASHINGTON (the "Property").

24                                                         8.

25

26

3 – COMPLAINT FOR INVALID BENEFICIARY,
PROMISSORY ESTOPPEL, FRAUD AND COVENANT
OF GOOD FAITH & FAIR DEALING; FIDUCIARY DUTY
& UNCONSCIONABILITY

Plaintiff and Defendant executed a Deed of Trust dated November 9th, 2005 and recorded on November 10th, 2005, under Recording No. 200511101341 between Chong L. Cho, as Grantor to PRLAP, Inc., as Trustee, in favor of Bank of America, N.A. as Lender in the Records of Pierce County County ("Deed of Trust").  The promissory note signed by Plaintiff in the amount of $444,310.00 establishes periodic payments to pay off the debt in full not later than December 01, 2035 ("Note").  Plaintiff still needs to request said Note from Defendant as one has still not been produced to Plaintiff.   When Plaintiffs obtained this loan from Defendants, Plaintiffs were not aware of the true nature of this loan as they did indeed ask the broker how this all worked and asked for the fixed rate and the Defendants agent assured them it would be cheaper and more inexpensive to get this loan and it would not affect their monthly payment. When Plaintiff purchased the Property, Plaintiff made a down payment of $107,922. For the Six (6) years when Plaintiff owned the Property Plaintiff paid to Defendant $187,200 in interest only payments.

9.

At all material times hereto, Defendant Banc of America Mortgage Securities, Inc., Mortgage Pass-Through Certificates, Series 2005-L, (hereinafter "BOA 2005-L") filed its prospectus with the Securities and Exchange Commission on December 14, 2005 at SEC File 333-118843-40 and Accession Number 914121-5-2350.  Defendant pledged the subject Note and Deed of Trust as collateral to a securitized trust herein referred to as BOA 2005-L, however the legal conveyance of the asset to the trust was illegal and in direct contravention of the trust's governing documents.  The "cut off" date for assets to be transferred to BOA 2005-L was December 01, 2005.  There have been no assignments of the Deed of Trust to the trust recorded on the county land records.  Therefore, the BOA 2005-L trust according to its own

*The Cochran Law Firm LLC*
*4400 NE 77th Ave., Ste. 275*
*Vancouver, WA 98662*
*Telephone (360) 721-4222 – Fax (360) 953-8083*

1   Pooling and Servicing Agreement was contractually closed from conducting business after the

2   closing date of December 29th, 2005.  It appears that there are missing assignments between

3   Defendants and BOA 2005-L as well as a break in the chain of title.  BOA 2005-L trust could

4   not have possibly received a loan into the trust after the cut-off date and if it did said

5   assignment would be deemed void.

6                                       10.

7         Plaintiff did not realize what, when, if or how the exact impact of the rate was going to

8   change the monthly payment until Plaintiff discussed this with the loan broker and auditor and

9   realized that the rate was going to change on December 01, 2012.  In addition, Plaintiff does

10  not speak English very well.  When Plaintiff realized that the interest rate and payment of

11  $2600.00 a month was going to change, Plaintiff also experienced a drop in income and

12  Plaintiff discussed this with Defendant in December of 2011 and Defendant advised Plaintiff to

13  apply for a loan modification.

14                                      11.

15

16        So in March of 2012, Plaintiff submitted multiple rounds of paperwork to qualify for

17  the loan modification.  In addition, Defendant told Plaintiff that if Plaintiff was behind on their

18  payment then they would have better chance of qualifying for the loan modification.  Plaintiff

19  alleges that it sent paperwork to Defendant many times and that certain documents and

20  paperwork was requested by Defendant though Plaintiff had already sent it.  Defendant told

21  Plaintiff that the payment after the loan modification paperwork was processed would be lower

22  than Plaintiff's current loan payment and that if Plaintiff was approved that it would not be

23  responsible for certain fees and penalties.  Plaintiff relied on said promises of Defendant's that

24  if Plaintiff defaulted and applied for the loan modification that Plaintiff could qualify for a

25  lower payment overall and not be subject to all of the penalties from the missed payments.

26

*The Cochran Law Firm LLC*
*4400 NE 77th Ave., Ste. 275*
*Vancouver, WA 98662*
*Telephone (360) 721-4222 – Fax (360) 953-8083*

12.

Plaintiff completed the loan modification application process immediately pursuant to Defendant's stated requirements.   A few months after completing the loan modification process, Defendants demanded that Plaintiff submit the same paperwork for another couple months of review and Plaintiff sent in the paperwork again.   Then Defendant made Plaintiff complete the process all over again and Plaintiff complied, all the while trying to get reassurance from the intake managers that she would be approved and when the approval would be granted and they assured her that Plaintiff should receive final approval for a loan modification and no fees would accrue.   Plaintiff sent in hundreds of different pages and documents over and over again to Defendant and then after all of that due diligence and information that Plaintiff gathered in submitting all of this documentation to Defendant, Defendant claimed on many occasions that they never received said paperwork or needed new paperwork.

13.

As a result the Defendant Bank of America, N.A. wasted many months of Plaintiff's time and prevented Plaintiff from refinancing at the time or looking at other legal options or payment plans.   Then after more than 6 months of submitting the same paperwork over and over again, Defendants finally told Plaintiff that Plaintiff did not qualify for the loan modification.  Plaintiff had to actually call Defendant and this is when Defendant told Plaintiff that she was denied approval of the loan modification because the lender denied Plaintiff the option to request one at that point.

14.

The Cochran Law Firm LLC
4400 NE 77th Ave., Ste. 275
Vancouver, WA 98662
Telephone (360) 721-4222 – Fax (360) 953-8083

At this point, Plaintiff has a large default amount due and owing to Defendant with the original payment still in place with the addition of default interest, penalties, Attorney Fees and costs, basically all the costs and fees that Plaintiff did not think it would be responsible for throughout the loan modification process and was not Plaintiff's fault that Defendant unreasonably denied Plaintiff's application for no good reason for many months.  At this point in time, not only did Plaintiff have a large default amount to cure in order to bring loan current but also suffered a loss of credit to where Plaintiff could not pursue other refinancing options with this lender or any other lender.  In addition, Plaintiff had paid the amount of $2600 a month on time from inception of the loan in November of 2005 until the first missed payment in March of 2012 or 6 years and approximately $187,200 paid to Defendant until the first default.  Plaintiff has also made a down payment of $107,922.00 on this property upon purchase in November of 2005 which is another loss Plaintiff has suffered in this case.

15.

Plaintiff is and was at all times ready and willing to bring the loan current, but Defendants have steadfastly refused to accept Plaintiff's loan modification paperwork for no legally justifiable reason instead continuing to ask for inconsistent and unreasonable information, redundant information that has already been submitted and has continued to add unwarranted fees, penalties and additional interest for payments that Defendants initially advised Plaintiff to avoid making in order to qualify for Defendant's loan modification program.

16.

Plaintiff has initiated the instant case seeking Declaratory Judgment to enjoin and invalidate any foreclosure action against Plaintiff and bring breach of contract action against

7 – COMPLAINT FOR INVALID BENEFICIARY,
PROMISSORY ESTOPPEL, FRAUD AND COVENANT
OF GOOD FAITH & FAIR DEALING; FIDUCIARY DUTY
& UNCONSCIONABILITY

1   Defendant for misrepresenting certain terms to Plaintiff and unlawfully denying Plaintiff and

2   good faith attempt to qualify for the loan modification program that other people are entitled to

3   be approved for and reliance damages for making statements about submitting and likelihood

4   of getting approval for the loan modification than in bad faith not giving Plaintiff a reasonable

5   opportunity to qualify for said loan modification.

6                                           17.

7          The main issue is that Defendant had knowledge of loans and approval process and had

8   Client under time constraints and financial constraints to rely on Defendant's representations

9   and special knowledge of loans, amortization schedules, particular index and how the rate

10  would change, full impact of the newly indexed interest rate, payment of principal and

11  increases in Interest Rate constituting a duty on the part of Defendant owed to Plaintiff based

12  solely on knowledge and unfair bargaining position that was created as a result of Defendant's

13  misrepresentations.  Plaintiff does not speak good English and Defendant was aware of this fact

14  and Plaintiff's Korean ancestry.  There is no realistic way for Plaintiff to gain the knowledge

15  necessary to understand and properly negotiate the loan terms effectively when the terms were

16  misrepresented and the Plaintiff did not have adequate time to review all of the documents,

17  understand them like an actively practicing Mortgage Broker and Banker and effectively

18  renegotiate the loan terms or have any reason to know that the loan modification would be

19  denied and all payments with penalties and interest and fees and costs would be added to the

20  deficiency amount immediately after denial even though Plaintiff was told repeatedly that this

21  would not happen.  Defendant has more than a duty, they have a social responsibility not to

22  randomly or recklessly engage in behavior that would systematically leave residential buyers

23  and borrowers in a position to have to close loans under duress, put them in a position not to

*The Cochran Law Firm LLC*
*4400 NE 77th Ave., Ste. 275*
*Vancouver, WA 98662*
*Telephone (360) 721-4222 – Fax (360) 953-8083*

pay on loan and rely on statements that a loan modification can occur when it apparently could not and then allow for lenders to collect exorbitant amounts of interest and penalties from the borrower to only in the end leave the Plaintiff/borrowers homeless.  If this does not create a fiduciary duty then it appears banks in the United States of America have no recourse or obligation for the extreme financial power they can leverage and exert in extending credit and controlling home ownership for the citizens of this country and as we have seen the dramatic effects this can create when that power becomes unbridled.  Plaintiff had no real negotiation power in this particular instance.

18.

Therefore, Plaintiff is informed and believes that Defendant has breached its fiduciary duty to Plaintiff because they know or should have known that the Plaintiff will or had a strong likelihood of defaulting on this loan and/or not being able to cure the default amount after applying for the loan modification.  Hence, the Defendant has a fiduciary duty to the borrower to not place them in that loan (in harms way).  Plaintiff is informed and believes and therefore alleges that it was in the best interest of the Defendant, not Plaintiff, to promote the particular program for which they denied to the Plaintiff ultimately and went back on their promises and still had the audacity to charge such exorbitant fees and costs and interest.  It led to a maximization of profits for the Defendant, with no concern for the Plaintiff's financial position or livelihood. The Defendant would then receive either all these back payments or it simply gets a home with a lot of equity in it.  As the Plaintiff has been diligently paying their monthly interest only payments on time under the loan agreement for over Six (6) years, this has resulted in the lender receiving over $187,200 from Plaintiff in this case.  Plaintiff also put a down payment of $107,922.00 on this Property when she bought it.

*The Cochran Law Firm LLC*
*4400 NE 77th Ave., Ste. 275*
*Vancouver, WA 98662*
*Telephone (360) 721-4222 – Fax (360) 953-8083*

## V.  FIRST CLAIM FOR RELIEF

### DECLARATORY JUDGMENT - IMPROPER TRANSFER OF TITLE
### VIOLATION OF 26 USC 860 (F) & (G)

19.

Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

20.

It appears that the Defendant pledged the subject Note and Deed of Trust as collateral to a securitized trust or BOA 2005-L, however the legal conveyance of the asset to the trust was illegal and in direct contravention of the trust's governing documents.  Defendant BOA 2005-L filed its Prospectus with the Securities and Exchange Commission on December 14, 2005 at SEC File 333-118843-40 and will constitute the start-up date for BOA 2005-L.  BOA 2005-L is not the originator of the mortgage, the servicer, or even a bank. Instead, this entity is a New York common law trust created by an agreement known as "Pooling and Service Agreement." Allegedly, the Plaintiff's loan, along with other loans, were pooled into a trust and converted into mortgage-backed securities ("MBS") that can be bought and sold by investors — a process known as securitization. The underlying promissory notes of each and every mortgage held by the Trust serve as generate a potential income stream for investors.

21.

The Trust, by its terms, set a "closing date" of December 29, 2005. The terms of the Trust are contained in the Pooling and Servicing Agreement ("PSA" or the "Trust agreement"), which is an approximately 400-page document that creates the Trust and defines the rights, duties and obligations of the parties to the Trust Agreement.  The Trust, being sued through its trustee, is a New York Corporate Trust formed to act as a "REMIC" trust (defined below) pursuant to the U.S. Internal Revenue Code ("IRC"). Pursuant to the terms of the Trust and the

*The Cochran Law Firm LLC*
*4400 NE 77th Ave., Ste. 275*
*Vancouver, WA 98662*
*Telephone (360) 721-4222 – Fax (360) 953-8083*

applicable Internal Revenue Service ("IRS") regulations adopted and incorporated into the terms of the Trust, the "closing date" of the Trust (December 29, 2005) is also the "Startup Day" for the Trust under the REMIC provisions of the IRC. The Startup Day is significant because the IRC ties the limitations upon which a REMIC trust may be receive its assets to this date. The relevant portion of the IRC addressing the definition of a REMIC is:

(a) General rule. For purposes of this title, the terms 'real estate mortgage investment conduit'and 'REMIC' mean any entity—

(1) to which an election to be treated as a REMIC applies for the taxable year and all prior taxable years,
(2) all of the interests in which are regular interests or residual interests,
(3) which has 1 (and only 1) class of residual interests (and all distributions, if any, with respect to such interests are pro rata),
(4) **as of the close of the 3rd month beginning after the startup day** and at all times thereafter, substantially all of the assets of which consist of qualified mortgages and permitted investments.

26 U.S.C.S. § 860(D) (emphasis added).  In this case, the respective Deed of Trust was never transferred into the BOA 2005-L.  It is now over Six (6) years after BOA 2005-L was formed. 26 USC 860G provides that a mortgage is only considered a qualified mortgage if (1) it originates in the trust, (2) the qualified mortgage is put in within 30 days, or (3) constitutes a qualified replacement mortgage that is put in to exchange a defaulted obligation within 2 years. The "cut off" date for assets to be transferred to BOA 2005-L was December 01, 2005.  There have been no assignments of the Deed of Trust to the trust recorded on the county land records. The BOA 2005-L trust according to its own Pooling and Servicing Agreement was contractually closed from conducting business after the closing date of December 29th, 2005. Therefore, the BOA 2005-L trust could not have possibly received a loan into the trust after the cut-off date and if it did said assignment would be deemed void. Hence, this constitutes a prohibited transfer under 26 USC 860(F) as the Note and Deed of Trust were not conveyed to

*The Cochran Law Firm LLC*
*4400 NE 77th Ave., Ste. 275*
*Vancouver, WA 98662*
*Telephone (360) 721-4222 – Fax (360) 953-8083*

1    the Trust by the cutoff date and accordingly, the entity is void ab initio and PSA § 2.01, 2.03

2    forbids such transfers as well as 26 USC 860(G).

3                                                22.

4         There appears to be missing assignments and break in the chain of title.  In addition, the

5    investors of the BOA 2005-L are the third party beneficiaries of any payments that were made

6    from Servicer to the Trust.  The Servicer is no longer a beneficiary of said payments as the

7    payments are intended to be made to the investors of said Trust.  The remedy of foreclosure is

8    limited to the note holder.  As in this instance, if certificate holders/investors received their

9    payments due to them as holders of said certificates, then what claim would the beneficiary

10   have that they were not paid in due course.  Plaintiff neither had knowledge of, nor agreed to,

11   the advances paid by the Servicer to the Investors.

12                                               23.

13        The Servicer in this instance, Bank of America, N.A., cannot claim to hold legal and/or

14   equitable interest in the mortgages held in the name of BOA 2005-L that also provides BOA

15   2005-L pass through tax benefit to its investors.  As investors of said MBS Trusts have been

16   defrauded and parties seeking to enforce said obligations and securities has unclean hands and

17   cannot ask the court to assist in the execution of the Fraud by adjudicating that the investors of

18   the trust(s) did in fact legally hold the "toxic" asset (Deed of Trust in this instance), that was a

19   worthless assets and this would have violated all representations and warranties to the

20   investors.

21                                               24.

22        BOA 2005-L nor Defendant(s) cannot claim to hold legal and/or equitable interest in

23   the Deed of Trust and cannot claim to have the power to foreclose on said Deed of Trust

24   because said BOA 2005-L is an invalid beneficiary because said transfer contravenes the Trust

25   or rules pertaining to the legal authority, capacity and powers of BOA 2005-L .  In addition,

26   BOA 2005-L does not have proper authority or capacity to enforce the Note either.

*The Cochran Law Firm LLC*
*4400 NE 77th Ave., Ste. 275*
*Vancouver, WA 98662*
*Telephone (360) 721-4222 – Fax (360) 953-8083*

25.

As a result of Defendants' failure to properly transfer and assign the Deed of Trust into BOA 2005-L, Defendants attempts to enforce said Deed of Trust and Note is invalid and has no force or effect to deprive Plaintiff of its title in the Property.   Therefore, any trustee's sale scheduled should be set aside, invalidated and void and Defendants' should be enjoined from taking any action to dispossess Plaintiff from the property.  Plaintiff asserts that Defendants have no authority to either institute foreclosure proceedings or eviction proceedings because Defendants are not entitled to the money secured by the promissory note.

## VI.  SECOND CLAIM FOR RELIEF
### PROMISSORY ESTOPPEL & DETRIMENTAL RELIANCE

26.

Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

27.

The Plaintiff relied on statements of Defendant's representative in obtaining this loan and not realizing until there was no way to back out of the loan modification until it was too late.  Defendant Bank of America made misrepresentations regarding no penalties or interest while Plaintiff was pursuing the loan modification and that Plaintiff should qualify for said loan modification which statements proved to be false as Defendant denied Plaintiff for said modification for no apparent reason whatsoever.  If Plaintiff knew that it would not receive a loan modification and that all these fees and other costs would pile up on top of the loan balance and have to be cured in order to avoid foreclosure, there is no way Plaintiff would have ever agreed to pursue the loan modification process with Defendant Bank of America, N.A.

*The Cochran Law Firm LLC*
*4400 NE 77th Ave., Ste. 275*
*Vancouver, WA 98662*
*Telephone (360) 721-4222 – Fax (360) 953-8083*

28.

In addition, Plaintiff was told that this was initially a fixed type of loan.  Once this initial misunderstanding was cleared up, Defendant Bank of America promised Plaintiff in December of 2011 that if it missed payments and went through the process it would get a payment most likely around $1500 and no reason to worry about getting too far behind because Defendant would work with Plaintiff to come up with a fair and reasonable modification Payment plan that would cover everything including defaults and all late fees.  Plaintiff put its faith in Defendant and ended up getting so far behind and receiving no support or cooperation whatsoever from the lender in this case that Plaintiff will lose its home, all of its credit and all the interest payments made to the bank over 6 years.  Defendant will receive a windfall in that it will be able to keep all the payments from the past, any equity in the house as a result of the nonjudicial foreclosure process and Plaintiff's large down payment of $107,922.00.

29.

Defendant's representative had represented to Plaintiff on several occasions that it just needs to keep submitting the paperwork and it will get approved.  Defendant kept losing or misplacing information and kept asking for redundant information.  Defendant ended up dragging this loan modification approval process out over six months.  Plaintiff relied on statements made by Defendant during this period and believed if it kept going on and the longer it dragged on meant Plaintiff was closer to receiving final approval of the loan modification or even a temporary modification and Defendant Bank of America, N.A. representatives kept assuring Plaintiff of this proposition.

30.

14 – COMPLAINT FOR INVALID BENEFICIARY,
PROMISSORY ESTOPPEL, FRAUD AND COVENANT
OF GOOD FAITH & FAIR DEALING; FIDUCIARY DUTY
& UNCONSCIONABILITY

*The Cochran Law Firm LLC*
*4400 NE 77th Ave., Ste. 275*
*Vancouver, WA 98662*
*Telephone (360) 721-4222 – Fax (360) 953-8083*

Therefore, if Plaintiff would have obtained the benefits of the representation from Defendant that Plaintiff could very easily obtain an $1500 a month payment if everything is submitted in a timely manner which Plaintiff did then Plaintiff would have only paid $1500 a month, and she would have paid the loan down much more than he did and the default amount would be approximately $1100.00 less per month and approximately $6,600 of a savings that if the representations are held to be unlawful and held to be relied upon then at least $6,600 should subtracted from the deficiency amount listed on Defendant's notice of delinquency.

31.

Plaintiff relied on Defendant Bank of America, N.A.'s promises set forth herein.

32.

Plaintiff was reasonable in relying on Defendant Bank of America N.A.'s promises set forth herein because as the holder of the mortgage on the subject property, Defendant is in an absolute position to oversee and control all such matters.  Defendants represented that Plaintiff could obtain the lower payment and that the missed payments would not increase the deficiency amount beyond the missed payments themselves which was a complete misrepresentation.  As a result of Defendant's unfulfilled promises and representations Plaintiff is now in a default situation with a large balance that Plaintiff must find a way to cure before Plaintiff loses its home and becomes homeless and loss of all credit.  In addition, Defendant will reap the obvious benefits of having received the payments from Plaintiff for over 6 years and all of the equity in the property and Plaintiff will lose out on the $187,200 in interest only payments paid to Defendant until the first default and also the down payment of $107,922.00 and $12,500 in home upgrades.

33.

*The Cochran Law Firm LLC*
*4400 NE 77th Ave., Ste. 275*
*Vancouver, WA 98662*
*Telephone (360) 721-4222 – Fax (360) 953-8083*

1   Defendant did not perform as promised under the loan modification process as it

2   misrepresented certain requirements, application and approval standards. This forced Plaintiff

3   into a foreclosure situation because of the resulting promises and escalating default amount.  As

4   a result of said escalating default amount and misrepresentations made thereto, the Plaintiff

5   should be given the opportunity to reform the contract and/or rescind the contract and put the

6   Plaintiff in the position they would have been in if they had never been lured into this loan

7   modification process that forced Plaintiff into a foreclosure situation.

8                                                          34.

9

10   Plaintiff reasonably relied on multiple promises made by Defendant Bank of America,

11   N.A. and Plaintiff has been substantially damaged by Defendant Bank of America, N.A. in that

12   Defendant made affirmative statements to Plaintiff which Plaintiff detrimentally relied on and

13   as a result Plaintiff suffered foreclosure and loss of credit as a result of said affirmative

14   statements.   Plaintiff can substantiate the modification proposal and missed payments

15   because they all occur within the same timeframes.  WHEREFORE, Plaintiff prays for relief as

16   set forth below.

17                                    VII.  THIRD CLAIM FOR RELIEF
                                                 FRAUD
18

19                                                        35.

20   Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though

21   fully set forth herein.

22

23                                                        36.

24   Defendant defrauded Plaintiff in making aforesaid statements to Plaintiff for said loan

25   modification process.   In addition, as mentioned above, Defendant misrepresented the true

26

The Cochran Law Firm LLC
4400 NE 77th Ave., Ste. 275
Vancouver, WA 98662
Telephone (360) 721-4222 – Fax (360) 953-8083

nature of this loan modification process and the cost and fees and interest that accrued over the time of applying for said loan modification.  Now, Defendant has a fiduciary duty to the Plaintiff to perform their due diligence and not make statements that could harm Plaintiff.  Also Defendant should not have made affirmative statements regarding this type of loan transaction because Plaintiff has a right to rely on said statements.

37.

Defendant is in the position to offer the credit, allow for approval of underwriting, approve or disapprove the loan and explain documents and meaning of said documents to the borrower whereby borrower/Plaintiff is guided like a lamb to slaughter when they follow the advice of the bank's representatives who are in complete control of the loan modification process and application qualifications.  In this instance, the Plaintiff actually called the Defendant and the Defendant lead Plaintiff down a primrose path letting her believe she could qualify for the loan modification within several months and would receive a new montly payment of $1500.  In this loan transaction, Defendant did not properly perform its due diligence because it gave Plaintiff false and incorrect information regarding the loan modification process.  As a result, Plaintiff has been forced into a foreclosure situation.

38.

The Defendant's misrepresentation caused Plaintiff to enter into this loan modification process without accurately realizing the risks, duties, or obligations inherent in said process. Plaintiff did not have a reasonable opportunity to learn of the misrepresentation and fradulent characterization or essential terms until Plaintiff contacted the Defendant again and instead of dealing with the adjustable rate issue in a direct manner, Defendant told Plaintiff to not make payments and that Plaintiff would definitely fit into a loan modification program.  Given the

*The Cochran Law Firm LLC*
*4400 NE 77th Ave., Ste. 275*
*Vancouver, WA 98662*
*Telephone (360) 721-4222 – Fax (360) 953-8083*

1   numerous issues and misrepresentations regarding the loan documents and loan terms and

2   closing documents there appears to be fraud upon consideration of all relevant factors.

3                                          39.

4        Plaintiff relied on Defendant Bank of America, N.A.'s promises and misrepresentations

5   set forth herein.

6                                          40.

7        Defendant failed to disclose the true nature of this loan and all of the costs, interest and

8   other fees as well as likelihood of approval and this is a misrepresentation. The Defendant also

9   falsely represented the proper adjustable/fixed market interest rate and what the monthly

10   payment would be. Defendant knew or should have known that the Borrower/Plaintiff has a

11   likelihood of defaulting on this loan and should not have placed Plaintiff in such a loan. Even

12   worse, given the Defendant's ability to calculate and know its own processes better than

13   Plaintiff, Defendant should not ever have recommended a loan modification workout option

14   when the Plaintiff clearly did not qualify in the end after getting behind on its mortgage and

15   accruing a very large amount of excess interest, fees and costs.

16                                          41.

17

18       In addition, Plaintiff made an overt and direct material misstatement to Defendant that

19   this loan modification would not add any extra fees or penalties to his loan and that she was

20   likely to qualify for a much lower payment. The Plaintiff's reliance on this representation has

21   left Plaintiff in a foreclosure situation and without credit. Once again, Defendant is in an

22   absolute position to oversee and control all such matters. As a result of Defendant's promises

23   and representations at closing of this loan and during the loan modification process, Plaintiff

24

25

26

18 – COMPLAINT FOR INVALID BENEFICIARY,
PROMISSORY ESTOPPEL, FRAUD AND COVENANT
OF GOOD FAITH & FAIR DEALING; FIDUCIARY DUTY
& UNCONSCIONABILITY

*The Cochran Law Firm LLC*
*4400 NE 77th Ave., Ste. 275*
*Vancouver, WA 98662*
*Telephone (360) 721-4222 – Fax (360) 953-8083*

continued to pay at the same higher interest rate, same high payment and a lot of extra fees, costs and penalties as Defendant reaps the benefits of the higher payment.

42.

Defendant did not perform as promised under the loan terms as it concealed and misrepresented certain loan terms at closing of this loan and during the loan modification discussions and has damaged Plaintiff by forcing Plaintiff into foreclosure and complete loss of credit and this affects the very core of Plaintiff's financial livelihood.

43.

Plaintiff reasonably relied on multiple promises made by Defendant Bank of America, N.A. and has been substantially damaged by Defendant Bank of America, N.A., in that Defendant placed Plaintiff into a loan modification process that has left Plaintiff in a foreclosure situation and with no credit as well as now in delinquency after paying on the subject loan for more than 6 years.

WHEREFORE, Plaintiff prays for relief as set forth below.

## VIII.  FOURTH CLAIM FOR RELIEF
### CONTRACTUAL BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

44.

Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

45.

Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement. This implied covenant of good faith and fair dealing requires that no party will do anything that will have the effect of impairing, destroying, or injuring the

19 – COMPLAINT FOR INVALID BENEFICIARY,
PROMISSORY ESTOPPEL, FRAUD AND COVENANT
OF GOOD FAITH & FAIR DEALING; FIDUCIARY DUTY
& UNCONSCIONABILITY

rights of the other party to receive the benefits of their agreement. The covenant implies that in all contracts each party will do all things reasonably contemplated by the terms of the contract to accomplish its purpose. This covenant protects the benefits of the contract that the parties reasonably contemplated when they entered into the agreement.

46.

The terms of the Loan imposed upon Defendant a duty of good faith and fair dealing in this matter.

47.

Defendant enjoyed substantial discretionary power affecting the rights of Plaintiff during the events alleged in this Complaint. Defendant was required to exercise such power in good faith.

48.

Defendant willfully breached their implied covenant of good faith and fair dealing with Plaintiff when Defendant:

I. Made the statement that Plaintiff could receive a loan modification if she stopped making payments and that if interest accrued or back payments it would ultimately result in a new loan modification payment for a new lower payment of approximately $1500.00;

II. The assertion that Plaintiff could qualify for a loan modification and then after Plaintiff follows Defendant's directions and instructions, Plaintiff is not only categorically denied for the loan modification after Six (6) months of submitting and resubmitting the same documentation but has interest accrued, late fees and added

*The Cochran Law Firm LLC*
*4400 NE 77th Ave., Ste. 275*
*Vancouver, WA 98662*
*Telephone (360) 721-4222 – Fax (360) 953-8083*

Attorney Fees which made it impossible for Plaintiff to reinstate and bring loan current;. and

III. Willfully placed Plaintiff in a loan that she did not qualify for, could not afford, and subjected them to further financial detriment, while providing Defendant with financial benefits they would not have otherwise enjoyed.

49.

As a result of Defendant's breach of this covenant, Plaintiff has suffered injury and has caused Plaintiff the threat of loss of their home.  In addition, Plaintiff has incurred and continues to incur legal fees, including attorney fees and costs, as well as expenses to right this wrong.

50.

Defendant's actions in this matter have been willful, reckless, knowing, malicious, fraudulent and oppressive, entitling Plaintiff to punitive damages in an amount appropriate to punish Defendant and to deter others from engaging in the same behavior.

WHEREFORE, Plaintiff prays for relief as set forth below.

## IX. FIFTH CLAIM FOR RELIEF
## BREACH OF FIDUCIARY DUTY

51.

Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

52.

Defendant owed a fiduciary duty to Plaintiff and breached that duty by failing to advise or notify Plaintiff when Defendant knew or should have known that Plaintiff

The Cochran Law Firm LLC
4400 NE 77th Ave., Ste. 275
Vancouver, WA 98662
Telephone (360) 721-4222 – Fax (360) 953-8083

would have a likelihood of defaulting on the loan throughout the loan modification process. Also, Defendant made Plaintiff believe they should keep not paying and applying and waiting for the Defendant to review and approve the loan modification process. Defendant should have known and told Plaintiff the true likelihood of obtaining the loan modification and not told them to stop paying on the loan and that no adverse consequences would result. These assertions made the Plaintiff not seek other options and find comfort in the Defendants statement that they would qualify and amounts would not be added to the loan amount and deficiency amount throughout the loan modification process.

53.

In addition, Defendant is in a position of power in that they control the approval, requests for documents, further redundant requests for documents, delays, denials, semi approvals, reconsiderations and final approval or denial. Plaintiff was in the proverbial position of a yo-yo as Plaintiff waited and waited and waited and submitted the same paperwork over and over again and kept thinking it was going to be approved and then only requested to resubmit information and documents already submitted. That is not an acceptable practice when someone's livelihood and home is at stake. Defendant has a fiduciary duty not to make unnecessary requests and unreasonable delays for redundant information when the borrower's home and life are being affected by said delays and redundant and inconsistent requests.

54.

Defendant asserted an extreme amount of power, influence and persuasion in placing Plaintiff in a precarious situation where Plaintiff had no choice but to not pay its mortgage and keep submitting same information or suffer a major default as time went on to comply with the

22 – COMPLAINT FOR INVALID BENEFICIARY, PROMISSORY ESTOPPEL, FRAUD AND COVENANT OF GOOD FAITH & FAIR DEALING; FIDUCIARY DUTY & UNCONSCIONABILITY

Defendant's loan modification process.  As a result of the particular facts of this loan transaction and the assertions regarding  loan modification process , Defendant had a fiduciary duty to the borrower to not place them in that loan (in harm's way).

55.

Regarding this loan, it was only in the best interest of the Defendant to promote the  particular loan modification process program for which it claimed it would definitely approve the Plaintiff for. This allowed Defendant to charge Plaintiff exorbitant fees, interest and penalties even though it promised this would not happen to Plaintiff.  This also put Plaintiff in a detrimental position where it could never make up the default amount, Defendant would have more of a lien security recorded against Plaintiff's home, a lot of fees, interest and penalties, with no concern for the Plaintiff.  Plaintiff had already paid money down in the amount of $107,922.00 and on this particular loan and paid over $187,200 to Defendant over the 6 years that Plaintiff kept the loan current.

WHEREFORE, Plaintiff prays for relief as set forth below.

## X. SIXTH CLAIM FOR RELIEF
## BREACH OF CONTRACT

56.

Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

57.

On December 12, 2012, Plaintiff and Defendant entered into an oral contract.  The contract provided that Plaintiff would submit loan application materials and submit it within a certain time period with the proper materials attached and Defendant would review said loan

*The Cochran Law Firm LLC*
*4400 NE 77th Ave., Ste. 275*
*Vancouver, WA 98662*
*Telephone (360) 721-4222 – Fax (360) 953-8083*

modification application package and not charge Plaintiff late fees or penalties for the duration of the loan modification process.  Plaintiff has performed her obligations under the contract. Defendant, however, has not performed its contractual obligations.  Specifically, Defendant has not given proper responses, not addressed reasonable and specific concerns or responded with due diligence to Plaintiff's application and ask for redundant and irrelevant information and still charge all late fees, penalties and excess interest.

58.

As a direct and proximate result of Defendant's breach, Plaintiff suffered the following damages:

    a.  Excess late fees, penalties and interest.

    b.  Loss of Credit.

    c.  Reasonable expenses in reliance on Defendant's performance of the contract.

    d.  Other reasonable costs and expenses related to Defendant's breach of contract.

59.

As a result of Defendant's breach, Plaintiff retained an Attorney and seeks reimbursement for her reasonable attorney fees, as authorized by the Note and Deed of Trust that are the operative documents that Defendant is seeking to enforce said obligation of Plaintiff.

XI.  SEVENTH CLAIM FOR RELIEF

PLAINTIFF'S FOURTH CLAIM FOR RELIEF

VIOLATION OF FDCPA 15 U.S.C.A. § 1692

60.

Plaintiffs re-allege the preceding paragraphs set forth above and incorporate them herein

*The Cochran Law Firm LLC*
*4400 NE 77th Ave., Ste. 275*
*Vancouver, WA 98662*
*Telephone (360) 721-4222 – Fax (360) 953-8083*

1   by reference.

2                                      61.

3        Plaintiffs owe a debt to Defendants as listed in the delinquency letter dated July 03, 2012

4   from Defendants to Plaintiff.

5

6                                      62.

7

8        Plaintiff alleges that Defendant has failed to respond to verification requests by a

9   reasonable investigation responsive to the consumer's specific dispute in this instance

10  regarding the debt alleged to be due and owing as demanded in the letter of delinquency dated

11   July 03, 2012.  Plaintiff alleges that Defendant is seeking to collect an amount that was

12  disputed based on the nature of conversations occurring the six months prior during the review

13  of Plaintiff's loan modification and refinance transaction and in this instance Plaintiff asserts

14  this debt amount as reflected on the Notice of Default is completely invalid.

15

16

17       First Defendants claimed that Plaintiff would have no true accrual of deficiency

18  amounts but whatever payments accrued would just be put on top of the balance to be modified

19  and refinanced.  Defendants claimed that this new amount would still be much lower than the

20  current payment and no money would be necessary to put down to qualify for this modification.

21  Plaintiff relied on this information that the balance would not increase at an exponential rate as

22  it did and the new payment would be less than the current payment so the accounting is

23  incorrect for several reasons but mainly for the reasons mentioned herein.  In addition, because

24  of Defendants negligence, inaction and mistakes in failing to timely process the modification

25  and refinance paperwork, Plaintiff is currently burdened by an overstated deficiency amount

26

25 – COMPLAINT FOR INVALID BENEFICIARY,
PROMISSORY ESTOPPEL, FRAUD AND COVENANT
OF GOOD FAITH & FAIR DEALING; FIDUCIARY DUTY
& UNCONSCIONABILITY

that is invalid.

Plaintiff alleges that this is an incorrect amount that Defendant claims is due and owing as of July 03, 2012 because of the claims and defenses mentioned herein and additionally because Defendants made representations that no such excess amounts would accrue through the modification process. However, after Defendants unreasonably and negligently deny approval of Plaintiff's modification application, Plaintiff then asserts that the amount immediately due and owing is more than it should have been stated as.

63.

On the letter of delinquency the Creditor is listed as Wells Fargo Bank, N.A. as Trustee for the Certificateholders of Bank of America Mortgage Securities, Inc. Mortgage Pass-Through Certificates Series 2005-L. In addition, it is contested that the Beneficiary who is seeking to pursue the debt is a valid Beneficiary to issue said letter of delinquency mentioned above and does not have proper authority to institute proceedings to foreclose on Plaintiff's personal residence. Therefore, the Creditor in this instance is not the proper Beneficiary who has the legal rights or for that matter, the person to whom the debt is legally owed which is another violation of the FDCPA statute.

64.

In addition, the Plaintiff(s) have asked for the collection communications to stop but to no avail and Defendants have continued this action despite of many requests and demands that collection efforts stop and allegations that the debt is wrong in violation of 15 U.S.C.A. § 1692(a).

65.

Plaintiff should be awarded its reasonable attorney fees incurred in brining this claim

26 – COMPLAINT FOR INVALID BENEFICIARY, PROMISSORY ESTOPPEL, FRAUD AND COVENANT OF GOOD FAITH & FAIR DEALING; FIDUCIARY DUTY & UNCONSCIONABILITY

and defending against the foreclosure.

RIGHT TO AMEND

Plaintiff reserves the right to Amend this Complaint with new Claims and new Parties as is dictated by the evidence.

WHEREFORE, Plaintiff will ask for the following for each Claim for Relief sustained:

1. Plaintiff's Claims Invalidating the Sale Request the following Relief:
    i. For Declaratory Judgment voiding, invalidating and setting aside any attempt to initiate a foreclosure action; and
    ii. For Injunctive relief barring Defendants' from seeking the right to foreclose and otherwise seeking to dispossess Plaintiff of the property.
2. For Compensatory Damages in an amount to be determined by proof at trial.
3. For Special Damages in an amount to be determined by proof at trial.
4. For General Damages in an amount to be determined by proof at trial.
5. Awarding Plaintiff its reasonable Attorney Fees and Costs of this Action.
6. For a judgment either reforming or rescinding the Note and Deed of Trust and setting forth terms of restitution.
7. For any prejudgment or other interest according to law.
8. For whatever relief the Court deems just and equitable.

DATED this 18th Day of September, 2012.

THE COCHRAN LAW FIRM, LLC

By: _/s/ John A. Cochran_____
johnnycochran@comcast.net
The Cochran Law Firm
4400 NE 77th Avenue
Vancouver, WA 98662
Phone: 360.721.4222
**Of Attorneys for Plaintiff**