1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Jody M. McCormick, WSBA No. 26351
Steven J. Dixson, WSBA No. 38101
WITHERSPOON • KELLEY
422 West Riverside, Suite 1100
Spokane, WA  99201
Tel: 509-624-5265
Fax: 509-458-2728
jmm@witherspoonkelley.com
sjd@witherspoonkelley.com

*Attorneys for Defendant Bank of America, N.A.*
*Successor by Merger to BAC Home Loans Servicing,*
*LP/Sued Erroneously as "Countrywide Bank, FSB"*

HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

CINDY T. MASSEY, a single individual,

Plaintiffs,

v.

BAC HOME LOANS SERVICING, LP, F/N/A
COUNTRYWIDE BANK, FSB, a Texas
Limited Partnership FEDERAL HOME LOAN
MORTGAGE CORPORATION NORTHWEST
TRUSTEE SERVICES, INC; MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS,
INC. MERSCORP, INC. and JOHN DOES NOS.
1-25,

Defendants.

Case No: 2:12-cv-01314-JLR

BANK OF AMERICA, N.A., AS
SUCCESSOR BY MERGER TO
BAC HOME LOANS SERVICING,
LP'S PARTIAL MOTION TO
DISMISS PLAINTIFF'S AMENDED
COMPLAINT

NOTE ON MOTION CALENDAR:
December 21, 2012

## I.  INTRODUCTION

On  October  26,  2012  this  Court  dismissed  plaintiff  Cindy  T.  Massey's  ("Plaintiff")

claims  for  wrongful  foreclosure,  breach  of  duty  of  good  faith  and  fair  dealing,  negligence,

injunctive  relief,  declaratory  relief,  slander  of  title,  and  quiet  title  claims  with  leave  to  amend.

BANK OF AMERICA'S PARTIAL MOTION
TO DISMISS AMENDED COMPLAINT- 1
Case No: 2:12-cv-01314-JLR
S0619302.DOC

**WK** WITHERSPOON • KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100      Phone: 509.624.5265
Spokane, Washington 99201-0300          Fax: 509.458.2728

Now, Plaintiff has filed this First Amended Complaint ("FAC") which fails to address the deficiencies specifically identified by this Court in the Order After Hearing, dated October 26, 2012 ("Order"). (Dkt. 27). Plaintiff's FAC, once again, brings a claim for wrongful foreclosure despite failing to allege a foreclosure sale date has occurred – which makes such a claim legally inadequate once more. Because there is no foreclosure sale date set, Plaintiff's claims for injunctive and declaratory relief fail as well. In addition, Plaintiff's FAC once again alleges a claim to quiet title in Plaintiff's name, which fails because – as this Court pointed out once already – Plaintiff has not alleged tender of the debt owed.

Plaintiff's FAC does not state a viable claim against defendant Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP (sued erroneously as "Countrywide Bank, FSB") (hereinafter "BANA") for at least the following reasons:

- Plaintiff's theories of wrongful foreclosure are flawed as a matter of law;

- Plaintiff's negligence claim is time-barred and fails to plead the existence of a legal duty or breach;

- Plaintiff's claim for breach of the duty of good faith and fair dealing fails because she does not identify a single contract term which Defendants "breached" through bad faith;

- Plaintiff's claim for injunctive relief fails because there is no foreclosure sale pending;

- Plaintiff's declaratory judgment claim fails because there is no actual controversy, as there is no foreclosure sale pending;

BANK OF AMERICA'S PARTIAL MOTION
TO DISMISS AMENDED COMPLAINT- 2
Case No: 2:12-cv-01314-JLR
S0619302.DOC



WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100     Phone: 509.624.5265
Spokane, Washington 99201-0300     Fax: 509.458.2728

- Plaintiff's slander of title claim fails because Plaintiff has merely re-alleged a carbon copy of the claim in her original Complaint which this Court already found deficient;

- Plaintiff's claim for quiet title fails because Plaintiff does not allege tender; and

- Plaintiff's predatory lending claim is improper as this Court previously dismissed this claim with prejudice.

As Plaintiff's claims again fail as a matter of law, the Court should grant BANA's Motion to Dismiss without leave to amend.

## II. FACTS

On or about June 12, 2008, Plaintiff obtained a $357,200 mortgage loan (the "Loan") to finance real property located at 28541 NE 151st Street, Duvall, Washington 98019 (the "Property"). FAC, Ex. 1. The Deed of Trust ("DOT") securing the Loan identifies Countrywide Bank, FSB ("Countrywide") as the lender, LS Title of Washington as the Trustee, and Mortgage Electronic Registration System ("MERS") as beneficiary and "nominee of the lender and lender's successors and assigns." *Id*.

Plaintiff admits that she defaulted on her loan. FAC ¶ 3.9. On or about November 1, 2010, a written notice of default, reciting default since July 2010, was served on Plaintiff. *Id.*, Ex. 8. By a document recorded December 1, 2010, MERS assigned its interest in the DOT to BANA,[1] which then appointed Northwest Trustee Services, Inc. ("NWTS") as successor trustee.

---

[1] On July 1, 2011, BAC Home Loans Servicing, LP ("BACHLS") merged with BANA. Countrywide Bank, FSB also is now BANA as successor by merger. Accordingly, BANA responds to the allegations directed at BACHLS and Countrywide.

BANK OF AMERICA'S PARTIAL MOTION
TO DISMISS AMENDED COMPLAINT- 3
Case No: 2:12-cv-01314-JLR
S0619302.DOC



WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

*Id.*, Exs. 5, 7. On May 25, 2012, NWTS recorded a Notice of Trustee's Sale, citing total Loan arrears exceeding $50,000 and scheduling a sale of the Property for July 6, 2012. *Id.*, Ex. 8. Plaintiff does not allege that any sale of the Property has taken place, nor does Plaintiff allege a willingness or ability to tender the debt due and owing.

Plaintiff filed the Complaint on July 5, 2012 in King County Superior Court. Dkt. 1, Ex. A. Plaintiff brought claims for wrongful foreclosure, violation of RCW 19.86, negligence/breach of the duty of good faith and fair dealing, injunctive relief, declaratory judgment, slander of title, quiet title, and predatory lending. *Id.* BANA filed a Notice of Removal on August 2, 2012. (Dkt. 1). BANA filed a Motion to Dismiss for failure to state a claim upon which relief may be granted on August 13, 2012. (Dkt. 12). On August 14, 2012, defendant Northwest Trustee Services ("NWTS") filed a Motion to Dismiss for Failure to State a Claim. (Dkt. 14). Plaintiff filed a single Response to both BANA's Motion to Dismiss and NWTS' Motion to Dismiss on September 12, 2012. (Dkt. 20). Defendant NWTS filed a Reply on September 13, 2012 (Dkt. 22) and defendant BANA filed a Reply on September 14, 2012 (Dkt. 23). On October 26, 2012 this Court filed an Order, granting in part and denying in part the Motions to Dismiss filed by Defendants BANA and NWTS. (Dkt. 27). This Court dismissed Plaintiff's claims for wrongful foreclosure, breach of the duty of good faith and fair dealing, negligence, injunctive relief, declaratory relief, slander of title, and quiet title claims without prejudice – granting Plaintiff leave to file an amended complaint. *Id.* In addition this Court dismissed Plaintiff's predatory lending claim without leave to amend – holding such a claim does not exist as a cause of action in Washington. *Id.* This Court dismissed Plaintiff's claim for injunctive relief and declaratory relief because the foreclosure claim had been cancelled. *Id.* Finally, this Court denied

BANK OF AMERICA'S PARTIAL MOTION
TO DISMISS AMENDED COMPLAINT- 4
Case No: 2:12-cv-01314-JLR
S0619302.DOC



WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100      Phone: 509.624.5265
Spokane, Washington 99201-0300          Fax: 509.458.2728

1  defendants' Motion to Dismiss Plaintiff's CPA claim. *Id*. Plaintiff filed the First Amended

2  Complaint ("FAC") on November 9, 2012. (Dkt. 29).

3      Plaintiff's FAC once again brings a claim for predatory lending, despite this Court

4  dismissing her predatory lending claim <u>with prejudice</u>. *See* FAC, Dkt. 29, and Order, Dkt. 27. In

5  addition, Plaintiff once again brings a claim for wrongful foreclosure, which this Court

6  previously dismissed for failing to allege a sale has occurred, but again fails to allege a sale has

7  occurred. *Id*. Plaintiff brings claims for quiet title, slander of title, and injunctive relief that are

8  cut-and-pasted from her original Complaint. *See* FAC, Dkt. 29, and Compl., Dkt. 1. Finally,

9  Plaintiff once again alleges negligence, breach of the covenant of good faith, and declaratory

10 relief – claims that are not substantively different than the deficient claims in her original

11 Complaint. *Id*.

### EVIDENCE RELIED UPON

14     This Motion to Dismiss relies upon the allegations in the FAC and the undisputed

16 recorded documents, of which the Court may take judicial notice.[2]

### III.  ISSUE

18     Whether the Court should dismiss the FAC in its entirety for failure to state a claim upon

20 which relief can be granted.

---

[2]  The Court may take judicial notice of publicly recorded documents and may consider the documents without turning this motion into a motion for summary judgment. *See, e.g., Shaw v. Hahn*, 56 F.3d 1128, 1129 n. 1 (9th Cir. 1995); *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (court may consider documents to which the complaint "refers extensively" or "form the basis of the Plaintiff's claim"); *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) ("A court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the Plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion.").

BANK OF AMERICA'S PARTIAL MOTION
TO DISMISS AMENDED COMPLAINT- 5
Case No: 2:12-cv-01314-JLR
S0619302.DOC



WK WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100     Phone: 509.624.5265
Spokane, Washington 99201-0300          Fax: 509.458.2728

1

## IV.  ARGUMENT

2

**A.  Legal Standard**

3

4      Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff to provide "'a short and plain

5  statement of the claim showing that [he] . . . [is] entitled to relief' to 'give the defendant[s] fair

6  notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v.*

7  *Twombly*, 550 U.S. 544, 545 (2007).  Claims that fail to meet this standard must be dismissed

8  under Federal Rule of Civil Procedure 12(b)(6).

9      While these Rules do not require heightened fact pleading, they do require that a

10 complaint contain sufficient factual allegations, which, accepted as true, state a claim for relief

11 "'that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).

12 Where, however, the Plaintiff fails to "nudge[] [his] claims across the line from conceivable to

13 plausible, [his] complaint must be dismissed."  *Twombly*, 550 U.S. at 570.  This "plausibility

14 standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility

15 that a defendant has acted unlawfully.   Where a complaint pleads facts that are 'merely

16 consistent with' a defendant's liability, it 'stops short of the line between possibility and

17 plausibility of 'entitlement to relief.'"  *Iqbal*, 129 S. Ct. at 1949.  Indeed, where there is an

18 "obvious alternative explanation" for the conduct alleged, the complaint should be dismissed.  *Id.*

19 at 1951.  Therefore, to survive a motion to dismiss under Rule 12(b)(6), the Plaintiff must

20 provide more than just "labels and conclusions"; rather, he must provide the grounds of his

21 entitlement to relief.  *Twombly*, 550 U.S. at 555 ("formulaic recitation of the elements of a cause

22

23 of action will not do.").

24

25     Moreover, "the tenet that a court must accept as true all of the allegations contained in a

26



1   complaint is inapplicable to legal conclusions." *Iqbal*, 129 S. Ct. at 1949-50 ("threadbare recitals

2   of the elements of a cause of action, supported by mere conclusory statements do not suffice[;]

3   only a complaint that states a plausible claim for relief survives a motion to dismiss.").  While

4   legal conclusions may establish the complaint's basic framework, "they must be supported by

5   factual allegations." *Id*. at 1950.

6

7          Where it is clear amendment would be futile, the court may dismiss the Complaint

8   without leave to amend.  *See Havas v. Thorton*, 609 F.2d 372 (9th Cir. 1979).  Here, as discussed

9   below, Plaintiff has not "nudged" her claims "across the line from conceivable to plausible."

10  *Iqbal*, 129 S. Ct. at 1951.  Accordingly, because no further amendment will cure her claims'

11  deficiencies, the Court should grant BANA's Motion to Dismiss with prejudice.

12

13  **B.    Plaintiff's Claim Of Wrongful Foreclosure Fails Because No Foreclosure Sale Has
        Occurred, And Because The Claim Is Otherwise Inadequately Pled**

14

15         Plaintiff brings a claim for wrongful foreclosure in her FAC which is a near carbon copy

16  of the claim in her Complaint. *See* FAC ¶¶ 4.1-4.6, Dkt. 29 and Compl. ¶¶ 4.1-4.6, Dkt. 1. The

17  only alteration to the wrongful foreclosure claim within the FAC is the removal of the trustee

18  sale date of July 6, 2012. Compl. ¶ 4.5, Dkt. 1. In its order granting Defendants' Motion to

19  Dismiss this cause of action, this Court stated that Plaintiff's "cause of action, though styled in

20  the complaint as a claim for wrongful foreclosure, is properly construed as a claim for wrongful

21  institution of nonjudicial foreclosure proceedings since the trustee's sale was discontinued...

22  When viewed in this light, [Plaintiff's] claim fails as a matter of law." Order, p. 7, Dkt. 27. This

23  Court held that there is no statutory authority or case law to maintain a damages claim for

24  wrongful institution of nonjudicial foreclosure proceedings. *Id*. In the FAC, Plaintiff's claim for

25

26

BANK OF AMERICA'S PARTIAL MOTION
TO DISMISS AMENDED COMPLAINT- 7
Case No: 2:12-cv-01314-JLR
S0619302.DOC



WK WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100      Phone: 509.624.5265
Spokane, Washington 99201-0300           Fax: 509.458.2728

wrongful foreclosure once again fails to allege a trustee's sale has occurred – or even that a sale date has been set. *See* FAC ¶¶ 4.1-4.6, Dkt. 29. Because the Plaintiff has not remedied this fatal flaw, her claim for wrongful foreclosure, once again, must fail as a matter of law.

In addition, Plaintiff's claim for wrongful foreclosure fails because it is otherwise inadequately pled. Plaintiff asserts various theories for why initiation of foreclosure was wrongful: (1) that MERS is not a proper beneficiary and never had any beneficial interest to assign to BANA, such that BANA had no authority to appoint Northwest as trustee (FAC ¶¶ 3.13-3.15, 3.19, 4.2); (2) that Freddie Mac is the owner of the Note, and so must be the beneficiary (*id.* ¶¶ 3.15, 4.3); (3) that the Assignment of DOT and the Appointment of Successor Trustee were forged and fraudulently executed by unauthorized robo-signers (*id.* ¶¶ 3.17, 3.18, 5.2); and (4) that there is no evidence NWTS tried to verify the ownership of the Note (*id.* ¶ 4.4). However, these theories all fail as a matter of law, are insufficiently pled, and Plaintiff's cause of action fails.

1. Plaintiff's Conclusory Assertions Of "Forgery" And "Robo-Signing" Do Not Invalidate The Assignment Or Appointment Of Successor Trustee.

In support of her claim for wrongful foreclosure, Plaintiff also makes bare assertions that the Assignment of DOT and the Appointment of Successor Trustee were forged and fraudulently executed by unauthorized robo-signers. FAC ¶¶ 3.17, 3.18, 5.2. Plaintiff pleads no facts in support of her claim. She merely alleges that Jeff Stenman is a "known robo-signer" and was not an employee of MERS when he signed the Assignment of DOT. *Id.* ¶ 3.17. Similarly, without any factual support, she alleges that Becky Baker, who signed the Appointment of Successor Trustee appointing NWTS as successor trustee, is allegedly an employee of NWTS and therefore

BANK OF AMERICA'S PARTIAL MOTION
TO DISMISS AMENDED COMPLAINT- 8
Case No: 2:12-cv-01314-JLR
S0619302.DOC



was not authorized to sign. *Id*. ¶ 3.18. None of Plaintiff's conclusory allegations invalidate the Assignment of DOT or the Appointment of Successor Trustee and her insufficient allegations fail to state any claim.

Although Plaintiff characterizes Stenman as a "robosigner" and on that basis alleges that Defendants were ineligible to conduct the non-judicial foreclosure sale, she fails to set forth any *facts* or *law* that would render the Assignment void. Merely branding an individual as a "robosigner" and claiming "forgery" is not commensurate with alleging facts that evidence any wrongdoing by Defendants. Plaintiff offers nothing more than the unsupported, bald assertion that "it is believed" that Jeff Stenman was an employee of NWTS and not an employee or officer of MERS, and therefore unauthorized to sign a substitution. FAC ¶ 3.17. However, Plaintiff does not identify any legal authority prohibiting one individual from working for or acting as an agent for multiple companies, nor does she allege any facts to support her contentions. *See Chua v. IB Prop. Holdings, LLC*, No. CV 11-05894 DDP (SPx), 2011 WL 3322884, at *2 (C.D. Cal. Aug. 1, 2011) ("[T]o the extent that Plaintiffs take issue with Lisa Markham's dual position, Plaintiffs have not identified a relevant legal authority prohibiting one individual from working for both CitiMortgage and MERS or from acting as an agent for both."). Plaintiff simply does not explain how her conclusory allegations, without more, amount to a Deed of Trust Act violation.

Regardless, the Assignment of DOT and Appointment of Successor are notarized. Under Washington law, notaries "determine and certify," based on "personal knowledge or satisfactory evidence," that the person making an acknowledgement or verification upon oath or affirmation

BANK OF AMERICA'S PARTIAL MOTION
TO DISMISS AMENDED COMPLAINT- 9
Case No: 2:12-cv-01314-JLR
S0619302.DOC



WK  WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

"is the person whose true signature is on the document." RCW 42.44.080(1), (3).[3]  The notary's

affirmation of personal knowledge or proof of identity of the person signing the document

establishes "prima facie evidence of the facts recited therein." RCW 64.08.050.

Here, the notary statement contained on the Assignment of DOT and the Appointment of

Successor Trustee contain the language required by Washington Law. *See* FAC, Exs. 5, 7.

Plaintiff has not made any allegation that supports the existence of clear, cogent, and convincing

evidence rebutting the statutory presumption that favors authenticity. *See Whalen v. Lanier*, 29

Wash. 2d 299, 308, 186 P.2d 919 (1947) ("The statutory presumption which attaches to a

properly accomplished notarial or other certificate of acknowledgment can be overcome only by

evidence that is clear and convincing.").

Finally, Plaintiff lacks standing to challenge the Assignment and Substitution. Although

not specifically addressed by Washington Courts, courts generally hold that only the parties to an

assignment may question the validity of the assignment.  In *Livonia Property Holdings, LLC v.*

*12840-12976 Farmington Road Holdings, LLC*, 717 F. Supp. 2d 724, 737 (E.D. Mich. 2010), the

court determined that the Plaintiff lacked standing because he was not a party to any assignment,

stating that "the validity of the assignments does not [a]ffect *whether* Plaintiff owes its

obligations, but only to *whom* Plaintiff is obligated." *Id*. at 735.  More recently, in *Jenkins v.*

*McCalla Raymer, LLC,* No. 1:10-cv-03732 (N.D. Ga. Aug. 31, 2011), the court determined that

MERS could not have made any misrepresentations to the Plaintiff concerning an assignment

---

[3] A notary is determined to have such "satisfactory evidence" of identification if the person is
either personally known to the notary, identified upon oath or affirmation of a credible witness
personally known to the notary, or "identified on the basis of identification documents." RCW
42.44.080(8).

**WK** WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100     Phone: 509.624.5265
Spokane, Washington 99201-0300          Fax: 509.458.2728

1   because the Plaintiff was not a party to the assignment. An Oregon court made the same

2   determination.  *See Schlesinger v. ReconTrust Co.*, No. 16-11-22098 (Lane County Circuit Court

3   Jan. 24, 2012).  Accordingly, the same would be true for any substitution – as Plaintiff is not a

4   party to the documents, Plaintiff lacks standing to challenge the recorded documents here.

5        In short, Plaintiff's speculative allegations simply do not suffice to rebut the presumption

6   that favors the authenticity of the notarized documents at issue.  Nor does she have standing to

7   sue. The same would be true for any substitution. Accordingly, to the extent Plaintiff's wrongful

8

9   foreclosure claim is based on "robo-signing" and "forgery" allegations, it fails.

10        2.    <u>MERS Had No Role In Initiating Foreclosure Proceedings And Plaintiff's</u>
              <u>Exhibits Contradict Her Argument That BANA Was Not Authorized</u>
11            <u>To Institute Foreclosure Proceedings.</u>

12        Plaintiff alleges that "MERS was never a beneficiary of this loan and at no time did

13

14   MERS have the ability to assign beneficial interest in this loan to any other entity." FAC ¶ 3.14.

15   However, beneficial status is not conferred through the assignment of the deed of trust;

16   beneficial status is derived from an entity's status as note holder. *See Bain v. Metro. Mortg. Grp.,*

17   *Inc.*, --- Wash. 2d ---, --- P.3d ---, 2012 (August 16, 2012), No. 86206-1. Moreover, Plaintiff's

18

19   allegations regarding the beneficial status of MERS is irrelevant because MERS was not the

20   entity which instituted foreclosure – BANA instituted foreclosure through the appointment of

21   successor trustee NWTS. *See* FAC, Ex. 5, Dkt 1. BANA's authority to initiate foreclosure

22   proceedings would be derived from their status as note holder – not from any assignment by

23   MERS. *See Bain* at *2.

24        In Washington, an assignment of deed of trust is not what confers beneficiary status and

25   such instruments are recorded only to provide notice to third parties, not the borrower, of the

26

BANK OF AMERICA'S PARTIAL MOTION
TO DISMISS AMENDED COMPLAINT- 11
Case No: 2:12-cv-01314-JLR
S0619302.DOC



422 W. Riverside Avenue, Suite 1100     Phone: 509.624.5265
Spokane, Washington 99201-0300     Fax: 509.458.2728

security interest. *Corales v. Flagstar Bank, FSB,* 2011 WL 4899957, *5 (W.D. Wash. 2011); *United Home Loans*, 71 B.R. at 891 ("Recording of the assignments is for the benefit of third parties."). *See* FAC, Ex. 5. Moreover, the court in *Bain v. Metro. Mortg. Grp., Inc.,* --- Wash. 2d ---, --- P.3d ---, 2012 (August 16, 2012), No. 86206-1, held that an assignment by MERS has no effect given that the authority to institute foreclosure proceedings derives from an entity's status as note holder – and not from the publicly recorded assignment of the beneficial interest. Thus, in this case the fact that MERS executed and recorded an assignment of the Deed of Trust to BANA has no bearing on the institution of foreclosure proceedings. *Id*.

The Washington Supreme Court in *Bain* held that the proper beneficiary, as defined under RCW 61.24.005(2), is the actual note holder. *Bain* at *2. The court in *Bain* held that the note "holder" with respect to a negotiable instrument, means an entity in possession if the instrument is payable to the bearer, and a "holder" is entitled to enforce an instrument. See *Bain*, *21 citing RCW 62A.3-205; RCW 62A.3-301; 62A.1-201(20). Moreover, that simply naming MERS in the original deed of trust does not relieve the borrowers of their obligation to pay the actual note holder or entitle the borrower plaintiff to quiet title. *Bain*, *30. The court ultimately held that because MERS was not the note holder it was not proper for MERS to appoint the trustee who initiated the foreclosure proceedings. *Id*.

Here, the facts are distinguishable from *Bain* because in this case MERS did not initiate foreclosure proceedings through the appointment of the successor trustee – BANA, acting as beneficiary, appointed NWTS to initiate foreclosure. FAC, Ex. 7. Plaintiff makes the conclusory argument that BANA is not the holder of the Note, thus not the beneficiary, and so it was improper for them to enforce the Deed of Trust. As support, Plaintiff points to the letter BANA

BANK OF AMERICA'S PARTIAL MOTION
TO DISMISS AMENDED COMPLAINT- 12
Case No: 2:12-cv-01314-JLR
S0619302.DOC



WK WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300         Fax: 509.458.2728

1  sent Plaintiff on December 20, 2011 (FAC, Ex. 4) which she alleges identifies "Freddie Mac [as]

2  the holder and owner of the obligation secured by the Deed of Trust. [BANA] is merely the

3  servicer of the Loan." FAC, ¶ 4.3. However, Plaintiff's argument regarding BANA's status as

4  merely the servicer, and so not the true beneficiary, is actually unsupported by her attached

5  exhibits.

6

7         First, the letter from BANA belies Plaintiff's assertion that Freddie Mac is the <u>holder</u> of

8  the Note, as Plaintiff contends. FAC, ¶ 4.3. Instead, the letter states that "Federal Home Loan

9  Mortgage Corporation is the current owner of the note…" FAC Ex. 4, Dkt 1. This is an important

10 distinction, as the holder of the note is the beneficiary – yet need not be the actual owner of the

11 Note. The holder and the owner of the Note are not necessarily the same, despite Plaintiff's

12 allegations which equate the two[4]. For instance, Freddie Mac is free to contract with BANA to

13 have BANA to hold the note while Freddie Mac is forwarded the payments under the loan. In

14 this way, Freddie Mac would be the owner and BANA the holder of the Note.

15

16        Second, the Appointment of Successor Trustee, authorized by BANA as beneficiary

17 under the Deed of Trust, was executed November 22, 2010 – a full year before the December 20,

18 2011 letter naming Freddie Mac as owner of the Loan. *See* FAC, Exs. 4, 7. Freddie Mac may

19 well have become the "owner" of the loan <u>after</u> the Appointment of Successor Trustee was

20 executed.

21

22        Thus, Plaintiff's conclusions as to the improper initiation of foreclosure proceedings are

23 not supported by the FAC's exhibits, as she claims. The letter from BANA does not support the

24 ―――――――――――――――

25 [4] Plaintiff alleges, "However, based upon the letter from BAC (see Exhibit 4), Freddie Mac is the holder and owner of the obligation secured by the Deed of Trust." FAC ¶ 4.3.

26

BANK OF AMERICA'S PARTIAL MOTION
TO DISMISS AMENDED COMPLAINT- 13
Case No: 2:12-cv-01314-JLR
S0619302.DOC



WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100     Phone: 509.624.5265
Spokane, Washington 99201-0300          Fax: 509.458.2728

1   argument that Freddie Mac was the holder of the Note. Moreover, *Bain* is inapplicable to the

2   case at hand because BANA – not MERS – was initiating foreclosure as beneficiary under the

3   Deed of Trust. Plaintiff has made no allegations of fact to support the conclusory argument that

4   BANA was <u>not</u> the note holder — and thus not the true beneficiary under the Washington Deed

5   of Trust Act. As a result, Plaintiff has alleged no facts whatsoever in support of her arguments

6   that initiation of foreclosure by BANA was improper. Plaintiff's claim for wrongful foreclosure

7   fails.

8

9   **C.     Plaintiff's Claims For Negligence Fails As A Matter Of Law**

10          Plaintiff combines her claims for negligence and breach of the duty of good faith and fair

11  dealing into one "third cause of action" – interweaving each claim as though legally and

12  factually indistinguishable. As in her original Complaint, the thrust of Plaintiff's claim for

13  negligence remains the argument that "Lender had a duty to place Plaintiff into a loan that it

14  knew or should have known Plaintiff could afford and would be a sound investment for her…"[5]

15  FAC, ¶ 6.2. This Court previously dismissed Plaintiff's claim for negligence in the original

16  Complaint, pointing out that it was severely under-pled ("It does not sufficiently establish any of

17  the required elements of a negligence claim"). Order, p. 13, Dkt. 27. Plaintiff's negligence claim

18  remains under-pled and in addition is time barred by the statute of limitations. Plaintiff's

19  negligence claim, once again, fails as a matter of law.

20

21

22

23

24  _____

    [5] Plaintiff's prior negligence argument was that BANA "breached its duty to [Plaintiff] to
25  perform its underwriting due diligence to determine whether [Plaintiff] was being placed into a
    loan that was best for the Plaintiff given her financial circumstances . . ." Compl. ¶ 6.4.

26
    BANK OF AMERICA'S PARTIAL MOTION
    TO DISMISS AMENDED COMPLAINT- 14
    Case No: 2:12-cv-01314-JLR
    S0619302.DOC



WK WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100      Phone: 509.624.5265
Spokane, Washington 99201-0300      Fax: 509.458.2728

1.     <u>Plaintiff's Negligence Claim Is Time-Barred</u>.

The statute of limitations for a negligence claim is three years. RCW 4.16.080(2). Plaintiff alleges negligence in the origination of her Loan; specifically that she was put into a loan she could not afford.  FAC ¶¶ 3.3-3.8, 6.4. Plaintiff's Loan closed on June 12, 2008, four years prior to bringing suit on July 5, 2012. *Id*. ¶ 3.2. Because her claim of negligence is one year past the statute of limitations, it is time-barred.

2.     <u>The Independent Duty Doctrine Bars Plaintiff's Negligence Claim.</u>

Plaintiff's claim also fails because contractual relationships do not generally give rise to a legal duty. Washington's independent duty doctrine (i.e., the economic loss rule)[6] bars recovery in tort where a plaintiff's damages are purely economic losses based in contract because "[t]ort law is not intended to compensate parties for losses suffered as a result of a breach of duties assumed only by agreement."  *Alejandre v. Bull*, 159 Wash. 2d 674, 681-83 (2007); *see also Eastwood v. Horse Harbor Found., Inc*., 170 Wash. 2d 380, 388-89 (2010) (noting that where the parties' relationship is purely economic, a plaintiff's injury is only "remediable if it traces back to the breach of a tort duty ***arising independently of the terms of the contract***") (emph. added).  "If the economic loss rule applies, the party will be held to contract remedies, regardless of how the plaintiff characterizes the claim." *Alejandre*, 159 Wash. 2d at 683.

---

[6] In *Eastwood v. Horse Harbor Found., Inc.*, 170 Wash. 2d 380 (2010), the Washington Supreme Court adopted the term "independent duty doctrine" for what has previously been termed by Washington courts as the "economic loss rule."  *Id.* at 394.  *Eastwood* does not overrule any previous case law applying the economic loss rule, but rather adopts a "more apt" term to describe the test applied to determine whether an injury is remediable in tort where it traces back to the breach of a tort duty arising independently of the terms of a contract.  *Id.*



WK  WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100     Phone: 509.624.5265
Spokane, Washington 99201-0300          Fax: 509.458.2728

Here, it is undisputed that the losses Plaintiff seeks to recover — monetary losses sustained due to BANA's allegedly negligent actions — are purely economic in nature. There is no claim of personal injuries or property damage in this case. The alleged acts and omissions of BANA arise out of the parties' alleged contractual relationship. Plaintiff has offered nothing to support a finding that an independent duty exists. Accordingly, her negligence claim fails as a matter of law.

**D.    Plaintiff Does Not State A Claim For Breach Of The Duty Of Good Faith And Fair Dealing**

To the extent Plaintiff's FAC brings the claim of breach of the implied covenant of good faith and fair dealing, the claim fails. As in the original Complaint, Plaintiff alleges that BANA: 1) failed to truthfully disclose all material terms of the loan contract; 2) charged a "discount fee" within the loan contract; and 3) failed to comply with certain underwriting procedures. FAC, ¶¶ 6.1-6.9. This Court previously concluded that Plaintiff's breach of good faith claim should be dismissed "based on [Plaintiff's] failure to show which terms of the contract give rise to [the] claim for breach of the duty of good faith and fair dealing." Order, p. 12, Dkt. 27. Plaintiff's FAC, once again, fails to point to a single contract term which BANA breached once the Loan was signed. *See* FAC, ¶¶ 6.1-6.9. Therefore, Plaintiff's claims fails for the same reasons here.

The "implied duty of good faith and fair dealing" in every contract "obligates the parties to cooperate with each other so that each may obtain the full benefit of performance." *Badgett v. Sec. State Bank*, 116 Wash. 2d 563, 569 (1991).  The duty does not "inject substantive terms into the parties' contract," but instead "requires only that the parties perform in good faith the obligations imposed by their agreement."  *Id.*; *see also Keystone Land & Dev. Co. v. Xerox*

BANK OF AMERICA'S PARTIAL MOTION
TO DISMISS AMENDED COMPLAINT- 16
Case No: 2:12-cv-01314-JLR
S0619302.DOC

 WK **WITHERSPOON·KELLEY**
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100      Phone: 509.624.5265
Spokane, Washington 99201-0300      Fax: 509.458.2728

1  *Corp.*, 152 Wash. 2d 171, 177 (2004) (stating that "[t]he duty exists only 'in relation to

2  performance of a specific contract term" (citations omitted)).

3      Here, once again, Plaintiff fails to identify which contract term BANA interfered with

4  which gives rise to her claim.  First, Plaintiff alleges that Defendant willfully placed her in a loan

5  which she could not afford. FAC, ¶ 6.1. However, the underwriting standards of Defendants are

6  unconnected to the terms of the loan contract. Standards of financial eligibility for a loan do not

7  <u>arise</u> from the terms of the completed loan contract. Second, Plaintiff argues that BANA failed to

8  disclose terms of her loan contract to her, specifically as to the amortization and interest rates.

9  However, Plaintiff admits she signed the loan contract (FAC, ¶ 6.3), meaning she voluntarily

10  agreed to each contract term. Plaintiff, herself, was responsible for understanding the loan

11  contract she was signing – there was no legal duty upon BANA to read the contract to her. *See*

12  *Nat'l Bank of Wash. v. Equity Investors*,  81 Wash. 2d 886, 912 (1973) ("a party to a contract

13  which he has voluntarily signed will not be heard to declare that he did not read it, or was

14  ignorant of its contents"). Plaintiff's claim for breach of good faith arising from allegations of

15  BANA's actions <u>prior</u> to the loan contract fails as a matter of law.

16  **E.    Plaintiff's Claim For Injunctive Relief Fails Because No Foreclosure Sale Is Pending**

17      Plaintiff once again seeks an injunction enjoining a non-judicial foreclosure of the

18  Property, despite failing once again to allege that a sale is pending. This Court dismissed

19  Plaintiff's claim for injunctive relief because the foreclosure claim had been cancelled. Order, p.

20  13, Dkt. 27. This Court went on to hold that "*[i]f* foreclosure proceedings are reinitiated,

21  [Plaintiff] may avail herself of all of the protections of the Washington DTA and seek injunctive

22  relief." *Id*. (Emph. added). But in her FAC, Plaintiff does not allege that foreclosure proceedings

BANK OF AMERICA'S PARTIAL MOTION
TO DISMISS AMENDED COMPLAINT- 17
Case No: 2:12-cv-01314-JLR
S0619302.DOC



WK  WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100     Phone: 509.624.5265
Spokane, Washington 99201-0300         Fax: 509.458.2728

have been reinitiated. *See* FAC, 7.1, 7.2. Accordingly, BANA respectfully requests that Plaintiff's claim for injunctive relief be dismissed with prejudice.

**F.      Plaintiff's Declaratory Judgment Claim Fails Because There Is No Immediate Controversy**

Plaintiff once again seeks declaratory relief, requesting that the Court determine "whether any attempt to non-judicially foreclose on the subject property…is unlawful under Washington law." FAC, ¶ 8.2(j). However, Plaintiff ignores the Order of this Court which held that such a claim may only be brought once a foreclosure sale is pending. This Court dismissed Plaintiff's claim in the original Complaint because "since the foreclosure sale has been cancelled (Resp. 30) the controversy is not of sufficient immediacy to warrant an issuance of declaratory judgment." Order, p. 14, Dkt 27. Moreover, this Court held that "[a]s with Ms. Massey's claim for injunctive relief, *if the foreclosure process is reinitiated*, she may avail herself of all of the protections and procedures of the Washington DTA." *Id*. (Emph. added). Because Plaintiff fails to allege that a foreclosure sale is pending, her claim remains legally inadequate.

To establish a claim for declaratory relief there must be a "substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant issuance of a declaratory judgment." *Marin v. Lowe*, 8 F.3d 28 (9th Cir. 1993). Unless an actual controversy exists, the district court is without power to grant declaratory relief. *See Daines v. Alcatel, S.A.*, 105 F. Supp. 2d 1153, 1155 (E.D. Wash. 2000) (quoting *Garcia v. Brownell*, 236 F.2d 356, 357-58 (9th Cir. 1956)).

BANK OF AMERICA'S PARTIAL MOTION
TO DISMISS AMENDED COMPLAINT- 18
Case No: 2:12-cv-01314-JLR
S0619302.DOC

**WK** WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300         Fax: 509.458.2728

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Here, Plaintiff's claim for declaratory judgment fails because there is no substantial controversy with sufficient immediacy. As this Court pointed out, no foreclosure is pending which would give rise to an actual controversy. Because there is no actual controversy, Plaintiff's request for declaratory judgment fails as a matter of law and must be dismissed.

**G.    Plaintiff's Slander Of Title Claim Is A Carbon-Copy Of Her Claim From The Original Complaint, And So Remains Inadequately Pled**

Plaintiff's FAC re-alleges, word for word, the same claim for slander of title which was pled in her original Complaint and which this Court already dismissed for being inadequately pled. *See* FAC ¶¶ 9.1, 9.2, Compl. ¶¶ 9.1, 9.2. This Court held that "[Plaintiff's] complaint and response do not establish, in any way, that any of the Defendants published any false statements disparaging the title maliciously." Order, p. 15, Dkt. 27. Because Plaintiff's claim for slander of title remains unchanged, it remains a legally baseless and insufficient claim.

To plead a claim for slander of title, a plaintiff must allege that "the words concerning the property (1) must be false; (2) must be maliciously published; (3) must be spoken with reference to some pending sale of the property; (4) must result in pecuniary loss or injury to the claimant; and (5) must be such as to defeat the [defendant's] title." *Schwab v. City of Seattle*, 64 Wash. App. 742, 747, 829 P.2d 1089 (1992) (citations omitted).  Moreover, "[m]alice is not present where the allegedly slanderous statements were made in good faith and were prompted by a reasonable belief in their veracity." *Brown v. Safeway Stores*, *Inc.*, 94 Wash. 2d 359, 375, 617 P.2d 704 (1980) (citations omitted).

Here, as this Court already pointed out, Plaintiff's allegations fall short of this standard. As discussed above, Plaintiff fails to plead any facts in support of her assertions that the

BANK OF AMERICA'S PARTIAL MOTION
TO DISMISS AMENDED COMPLAINT- 19
Case No: 2:12-cv-01314-JLR
S0619302.DOC



422 W. Riverside Avenue, Suite 1100      Phone: 509.624.5265
Spokane, Washington 99201-0300      Fax: 509.458.2728

1   Assignment of DOT or the Appointment of Successor Trustee were "forged," signed by

2   unauthorized persons, false, or otherwise improper. In addition, Plaintiff fails to plead facts

3   suggesting BANA or any of the other Defendants acted with malice, as she must.  *Brown*, 94

4   Wash. 2d at 375.  Therefore, Plaintiff's claim fails as a matter of law.

5

6   **H.    Plaintiff Cannot Quiet Title Because Plaintiff Has Not Tendered The Debt Owed On**
       **The Loan**

7

8          Plaintiff re-alleges a claim for quiet title, despite failing to cure the deficiency pointed to

9   by this Court – namely the failure to allege full payment of the debt owed on the loan. *See* Order,

10  p. 15, Dkt. 27. This Court held that "[Plaintiff] does not contend that she has paid the debt owed

11  on the Loan… Thus, [Plaintiff] cannot show the required prerequisite for a quiet title action…"

12  *Id.* Plaintiff's FAC fails once again to allege tender of the debt, instead alleging that "there is an

13  unenforceable  lien  on  the  property….Defendants'  liens  on  Plaintiff's  property  are

14  extinguished…" FAC, ¶¶ 10.2, 10.3. This is the same argument Plaintiff made in their original

15

16  Complaint[7], an argument which cannot support a quiet title claim since Plaintiff has not alleged

17  tender.

18         To maintain a quiet title action regarding a mortgagee, a plaintiff must first pay the

19  outstanding debt on which the mortgage is based.  *See Evans v. BAC Home Loans Servicing LP*,

20

21  2010 WL 5138394, at *3 (W.D. Wash. Dec. 10, 2010) ("Plaintiffs cannot assert an action to

22  quiet title against a purported lender without demonstrating they have satisfied their obligations

23

24  [7] Plaintiff's Complaint alleged "Defendants were not entitled to claim any interest in the subject
    real property and any assertion of interest by the above-named Defendants is null and void."
25  Compl. 10.4.

26

BANK OF AMERICA'S PARTIAL MOTION
TO DISMISS AMENDED COMPLAINT- 20
Case No: 2:12-cv-01314-JLR
S0619302.DOC

**WK** WITHERSPOON · KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

under the DOT.").  In *Evans,* Judge Martinez explained why a plaintiff may not use a quiet title action to void a lien:

> The logic of such a rule is overwhelming.  Under a deed of trust, a Plaintiff's lender is entitled to invoke a power of sale if the Plaintiff defaults on its loan obligations.  As a result, the Plaintiff's right to the subject property is contingent upon the Plaintiff's satisfaction of loan obligations. . . it would be unreasonable to allow a Plaintiff to bring an action to quiet title against its lender without alleging satisfaction of those loan obligations.

*Id.,* at *4.

Here, Plaintiff does not allege that she has paid the amounts owed or that she has the ability to pay.  Because Plaintiff cannot show that the amounts owed under the DOT have been satisfied and she has already received an opportunity to amend, her quiet title claim fails and should be dismissed with prejudice.

## I.      Plaintiff's Predatory Lending Claim Has Already Been Dismissed With Prejudice

Plaintiff's FAC ignores this Court's holding of dismissal of the predatory lending claim with prejudice. Order, p. 15, 16, Dkt. 27. Instead, Plaintiff re-alleges, word for word, her claim for predatory lending from the original Complaint. This Court held that, "[b]ecause predatory lending does not exist as a cause of action in Washington State, this portion of Ms. Massey's complaint is ***dismissed without leave to amend***." Order, p. 15, Dkt. 27. (Emph. added). Therefore, Plaintiff's claim fails.

BANK OF AMERICA'S PARTIAL MOTION
TO DISMISS AMENDED COMPLAINT- 21
Case No: 2:12-cv-01314-JLR
S0619302.DOC

**WK** WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100       Phone: 509.624.5265
Spokane, Washington 99201-0300            Fax: 509.458.2728

1

## V. CONCLUSION

2

3

4

For all these reasons, Plaintiff's FAC fails to cure the deficiencies noted in the Court's Order.  In addition, it is clear that no amendment can cure the FAC's deficiencies.  Therefore, BANA respectfully requests that the Court grant Defendant's Partial Motion to Dismiss the FAC with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

5

6

7

Respectfully submitted this November 21, 2012.

8

9

WITHERSPOON · KELLEY

10

11

_s/ Jody M. McCormick_
Jody M. McCormick, WSBA No. 26351

12

13

_s/Steven J. Dixson_
Steven J. Dixson, WSBA No. 38101
WITHERSPOON · KELLEY
422 West Riverside Avenue, Suite 1100
Spokane, WA  99201-0300
Telephone:  (509) 624-5265
Facsimile:  (509) 458-2728
jmm@witherspoonkelley.com
sjd@witherspoonkelley.com
_Attorneys for Defendant Bank of America, N.A.,_
_successor by merger to BAC Home Loans Servicing,_
_LP (sued erroneously as "Countrywide Bank, FSB")_

14

15

16

17

18

19

20

21

22

23

24

25

26

BANK OF AMERICA'S PARTIAL MOTION
TO DISMISS AMENDED COMPLAINT- 22
Case No: 2:12-cv-01314-JLR
S0619302.DOC

**WK** WITHERSPOON · KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100     Phone: 509.624.5265
Spokane, Washington 99201-0300     Fax: 509.458.2728

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that on the 21st day of November, 2012,

3

4

1.    I caused to be electronically filed the foregoing BANK OF AMERICA'S PARTIAL MOTION TO DISMISS AMENDED COMPLAINT with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: **Craig R Elkins , John Anthony McIntosh, and Charles Elliot Katz**

5

6

7

2.    I hereby certify that I have mailed by United States Postal Service the foregoing BANK OF AMERICA'S PARTIAL MOTION TO DISMISS AMENDED COMPLAINT to the following non-CM/ECF participants at the address listed below:

8

9

10

11

Federal Home Loan Mortgage Corporation
c/o Molly Taylor Zapala
Reed Smith, LLP
101 Second Street
Suite 1800
San Francisco, CA 94105-3659

Mortgage Electronic Registration Systems, Inc.
c/o Molly Taylor Zapala
Reed Smith, LLP
101 Second Street
Suite 1800
San Francisco, CA 94105-3659

12

13

I hereby certify that I have mailed by United States Postal Service the document to the following CM/ECF participants at the address listed below: **None.**

14

15

3.    I hereby certify that I have hand-delivered the document to the following participants at the addresses listed below: **None**.

16

17

18

19

20

21

*s/Jody M. McCormick*
Jody M. McCormick, WSBA No. 26351
Steven J. Dixson, WSBA No. 38101
WITHERSPOON · KELLEY
422 W. Riverside Ave., Suite 1100
Spokane, WA 99201-0300
Phone: 509-624-5265
Fax: 509-458-2717
jmm@witherspoonkelley.com
sjd@witherspoonkelley.com

22

23

24

25

26

BANK OF AMERICA'S PARTIAL MOTION
TO DISMISS AMENDED COMPLAINT- 23
Case No: 2:12-cv-01314-JLR
S0619302.DOC



422 W. Riverside Avenue, Suite 1100      Phone: 509.624.5265
Spokane, Washington 99201-0300      Fax: 509.458.2728